Motion to dismiss appeal denied September 19, 1916, argued on the merits October 16, affirmed November 6, 1917.

# FLEMING *v.* GERLINGER MOTOR CAR CO.*

### (159 Pac. 1153; 168 Pac. 289.)

**Appeal and Error — Bond — Justification of Sureties — Time to File Transcript.**

1. Section 550, subd. 2, L. O. L., allows respondent five days in which to except to the sureties on appeal. Subdivision 4 provides that appeal shall be deemed perfected on expiration of time allowed to except to the sureties, or from their justification. Section 554 provides that on perfection of appeal, appellant shall, within 30 days thereafter, file a transcript. *Held*, that where by agreement plaintiff deposited a certain sum in case the judgment was affirmed, whereupon exceptions to the sureties were waived, it constituted a justification, and an order, extending time to file transcript, made within 30 days from the time exceptions to the sureties were overruled, was properly granted.

### ON THE MERITS.

**Evidence—Judicial Notice—Matter of Common Knowledge—Economy in Gasoline Consumption.**

2. It is a matter of common knowledge that economy in the consumption of gasoline in driving motor cars is largely influenced by the ability and experience of the chauffeur, the character of the road traveled, the number of stops, and the length of times wherein the engine is permitted to run without progression.

[As to facts of which courts will take judicial notice, see note in 124 Am. St. Rep. 20.]

**Sales—Misrepresentation of Existing Matter—"Actionable Fraud."**

3. The seller of a jitney bus was not guilty of actionable fraud by promising the buyer that if his venture should fail to be a financial success, it would procure contracts from individuals and firms for the profitable use of the car, and by failing to fulfill such agreement, since the general rule is that to constitute actionable fraud there must be a false assertion, in regard to some existing matter, whereby a party is induced to part with his money or property.

**Sales—Misrepresentation on Sale of Automobile—Buyer's Election to Affirm.**

4. Where the buyer of a jitney bus discovered the falsity of all of the seller's alleged representations within the first two weeks of his use of the car, but took no action in regard to the matter until after the car's attachment, 37 days after the sale, in an action by the seller's assignee seeking to recover an overdue installment of the unpaid purchase-money note, under the circumstances the buyer elected to affirm the contract despite any fraud on the seller's part.

*For authorities discussing the question as to whether future promise will constitute fraud, see notes in 10 L. R. A. (N. S.) 640; 24 L. R. A. (N. S.) 735.                                REPORTER.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Suit by J. C. Fleming against the Gerlinger Motor Car Company and Seymour H. Bell. Decree dismissing the suit, and plaintiff appealed. On motion to dismiss the appeal. Motion denied.

*Mr. Maurice Seitz* and *Mr. Leon W. Behrman,* for the motion.

*Mr. Cicero M. Idleman, contra.*

Opinion PER CURIAM.

1. A judgment dismissing this action was rendered February 4, 1916, and on April 4th, following, the plaintiff served and filed a notice of appeal and an undertaking therefor. The defendant's counsel on April 17, 1916, excepted to the sufficiency of the sureties on the undertaking, which exceptions were overruled on the 27th of that month. The trial court on May 27, 1916, made an order extending the time to June 3, 1916, in which to file a transcript in this court, and the transcript was filed within the time so limited. The defendant's counsel moved to dismiss the appeal on the ground that jurisdiction of the attempted review of the judgment had been lost when such order was made. The statute declares that within ten days from the serving of a notice of appeal the appellant is required to serve upon the adverse party and file an undertaking on appeal. The respondent is allowed five days after the service of the undertaking in which to except to the sureties thereon: Section 550, subd. 2, L. O. L.

"From the expiration of the time allowed to except to the sureties in the undertaking, or from the justifica-

tion thereof if excepted to, the appeal shall be deemed perfected'': Section 550, subd. 4, L. O. L.

"Upon the appeal being perfected, the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript,'' etc.: Section 554.

It appears from an affidavit filed herein that by agreement with defendant's counsel the plaintiff deposited with the clerk of the trial court the sum of $100 as costs and disbursements in case the judgment was affirmed on appeal, whereupon the exceptions so interposed were waived. This procedure was equivalent to a justification by the sureties, and the order of the trial court extending the time to file the transcript, was made within 30 days from the time the exceptions were overruled, and while that court had jurisdiction of the cause.

The motion to dismiss the appeal is therefore denied.

Motion Denied.

---

Affirmed November 6, 1917.

On the Merits.

(168 Pac. 289.)

Department 1.   Statement by Mr. Justice Benson.

This is a suit for the rescission of a contract for the sale of an auto bus based upon fraudulent misrepresentations made at the inception of the agreement. The allegations of the complaint are substantially these: About February 23, 1915, plaintiff and defendant Gerlinger Motor Car Company were negotiating for the purchase, by plaintiff, of a Federal auto bus at which time the Car Company through its officers and agents wrongfully and fraudulently represented to plaintiff, (1) that the machine was especially equipped and

adapted for the purpose of carrying passengers through and over the streets of Portland; (2) that it would be equipped with a body having a seating capacity of twenty-four passengers; (3) that the engine of the auto bus, in its usual and ordinary operations, would not consume to exceed one gallon of gasoline for each twelve miles of travel; (4) that in speed it would be a fair competitor of the street-cars in the City of Portland; and (5) that in construction, operation and equipment it was peculiarly and especially adapted to the purpose of carrying passengers with ease and comfort through the streets of Portland. It is alleged that these representations were made by defendant Gerlinger Motor Car Company for the purpose of inducing the plaintiff to pay to it the sum of $900, and to execute two certain written instruments which are as follows:

"EXHIBIT 'A.'
"GERLINGER MOTOR CAR COMPANY.
"Portland, Oregon, Feb. 23, 1915.

"ORDER.

"This confirms sale made this date by the GERLINGER MOTOR CAR COMPANY, of Portland, Oregon, to J. C. Fleming, address, 925 Twelfth St., City, of Federal Truck with jitney body, car No. 2314, motor No. 13168. To be delivered. Price F. O. B. Portland with catalogue equipment ........................$2595.00
"Extras: headlights in lieu of side lights, at cost.
"Remarks: Body to be like photos of Richmond job (24) passenger; colors to be selected later. $5.00 per day, payable weekly, 8 per cent interest. Total, $2595.00.
"Receipt is hereby acknowledged, as deposited on this order of...............................$900.00
"Balance due on delivery of car..........$1695.00
"Terms Cash.

"IMPORTANT.—It is understood by the parties hereto that there are no understandings or agreement, verbal or otherwise, other than those printed or written hereon.

"(Signed) J. C. FLEMING.

"Accepted: GERLINGER MOTOR CAR COMPANY,
"Portland, Oregon.
"(Signed) E. E. GERLINGER, Mgr.
"Salesman ———."

"EXHIBIT 'B.'
"Portland, Oregon, March 9th, 1915.

"$1695.00

"For value received, I promise to pay to Gerlinger Motor Car Company or order, Sixteen Hundred Ninety-five and 00/100 Dollars, in Gold Coin of the United States of America, with interest thereon in like Gold Coin at the rate of 8 per cent per annum from date until paid, payable in twelve installments of not less than $150.00 in any one payment, together with the full amount of interest due on this note at time of payment of each installment.   The first payment to be made on the 10th day of April, 1915, and a like payment on the tenth day of each month and thereafter, until the whole sum, principal and interest, has been paid; and if any of said installments are not so paid, the whole sum of both principal and interest to become immediately due and collectible at the option of the holder hereof.   And in case suit or action is instituted to collect this note, or any portion thereof, I promise to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit or action.

"This contract is given upon and for the sole consideration that Gerlinger Motor Car Company, hereinafter referred to as the second party, has agreed that upon the payment of the sum above mentioned, as above set forth, time being of the essence hereof, the second party will sell, transfer and deliver unto the undersigned, the following described personal property, to wit:

"One (1) Federal Truck No. 2314, Motor No. 13168 with 24 passenger bus body, which said property has been entrusted to the care of the undersigned. It is expressly agreed that said property so entrusted is the property of the second party and shall remain so until the second party shall make the aforesaid sale and transfer, after all payments shall have been made, as above provided. The undersigned hereby agrees to keep said property in good repair and condition, and to take the best care of the same, keeping it insured in favor of the said second party, or its assigns, in a sum sufficient to cover its or their interest therein at all times. In case of default in the payment of any amount due, as above provided, or in case the undersigned shall part with the possession of said personal property, the said second party or its assigns shall have the right at it or their option, to the immediate possession thereof, and to retain all sums previously paid, as the agreed and reasonable rental for the use of the said personal property by the undersigned, and this contract shall then terminate and end upon the retaking possession of the said personal property by the said second party, or its assigns. It is, however, understood that upon the failure of the undersigned to make said payments promptly, as hereinabove provided, the second party or its assigns shall have the option as to whether it or they shall receive back said personal property, and shall have the right and power to determine whether it or they shall insist upon the payment of the full sum, as hereinbefore provided, and to decline to receive back said personal property, in which the undersigned is to be liable for the full sum hereinabove agreed to be paid.

"(Signed) J. C. FLEMING.

"No. 449.    Due ———.

"GERLINGER MOTOR CAR COMPANY,
"E. E. GERLINGER, Gen. Manager.

"For value received, I hereby guarantee the payment of the within note at maturity, or any time thereafter, with interest at 8 per cent per annum until paid, and hereby waive demand, protest and notice of non-

payment and consent that the payment of this note may be extended from time to time without affecting my liability thereon, and I hereby sell, assign, transfer and set over unto Seymour H. Bell all my right, title and interest in and to the within contract and the property therein described.

"(Signed) GERLINGER MOTOR CAR COMPANY,

"E. E. GERLINGER, Gen. Mgr."

It is then asserted that these representations were false and fraudulent and known to the defendant to be so; that plaintiff was totally ignorant of all the details in regard to which these representations were made and so informed defendant; that he believed and relied upon such statements, paid the Gerlinger Motor Car Company $900, and signed the two instruments herein set out. It is then alleged that the machine is not especially equipped or built for carrying passengers; but is especially built and equipped for carrying freight; that it will not seat more than 22 passengers; that a gallon of gasoline will not avail to run the car more than seven miles; that it will not make sufficient speed to drive it more than 12 or 15 miles an hour, and is not a competitor of the street-cars of Portland; that it is not adapted to carry passengers through the streets of Portland with comfort, because it jolts and jars them to such an extent that they will not ride in it. It is then alleged that plaintiff has faithfully tried to use the car successfully for carrying passengers through the streets of Portland, but for the reasons set out, has been unable to make it pay and has operated the car at a loss. Upon information and belief he avers that Exhibit "B" has been transferred to defendant Bell, who is not a holder in due course and that the transfer was made for the purpose of defrauding plaintiff. Then, after reciting his ability as a

wage earner, and the damages resulting from his loss of time, plaintiff alleges a tender of return of the car in this language:

"That the said auto bus so contracted to him by the defendant Gerlinger Motor Car Company as hereinabove mentioned is useless and of no value for the purpose for which it was sold to this plaintiff; and hereby tenders it back at this time and offers its return to the defendant Gerlinger Motor Car Company, clear of all incumbrances so far as this plaintiff is concerned, excepting that the said Seymour H. Bell who claims to be the owner of Exhibit 'B' has brought an action upon the same against this plaintiff and attached the said auto bus."

The prayer is for a judgment and decree canceling both of the written instruments, a recovery of the $900 paid by plaintiff, and special damages in the sum of $1,090 for time lost by plaintiff while operating the car.

The answer denies the allegations of misrepresentation and fraud and affirmatively pleads the contract of sale, and full performance on their part. Therein it is also alleged that the plaintiff himself contracted for the body which was built upon the car and, in person, directed its construction.

The reply denies the affirmative matter in the answer. A trial being had there was a decree for defendants, from which plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Cicero M. Idleman.*

For respondents there was a brief and an oral argument by *Mr. Maurice W. Seitz.*

MR. JUSTICE BENSON delivered the opinion of the court.

2. This is a case wherein the problem involved is to determine the weight of the evidence, and decide whether the trial court erred in the findings of fact. From a reading of the transcript it appears that the plaintiff went to the business house of the Gerlinger Motor Car Company, having in mind the purpose of buying a motor car of suitable size and equipment to carry on a jitney business in the City of Portland. He was shown the chassis of a Federal motor truck with a rated carrying capacity of one and one half tons. The evidence is conflicting as to what was said by Hayes, the salesman, but out of it all, when sifted, we find plaintiff insisting that Hayes said "that would make an ideal bus, would be the best bus in the city and go by the street-cars, and had all kinds of power." On the contrary Hayes denies making such statements and says he told Fleming that it had been used for that purpose and that he knew it would make a good jitney bus. The evidence discloses that such trucks with suitable bodies are in use in considerable numbers in Portland and in other cities for the same purpose, and witnesses owning and using them for jitneys testified to their adaptability and sufficiency for such use. We again find a conflict regarding the speed of the car as a factor in making it a fair competitor of the street-cars, but we think that the weight of the evidence tends to establish the fact that the car made practically the same schedule time as that made by the street-cars on the same run. Regarding the amount of gasoline required in accomplishing the mileage, there is not sufficient evidence in the record to enable any court to determine the fact. The plain-

tiff testified, giving the distance between his terminal points, the number of round trips made in a day, from which data he arrived at the conclusion that the car would run a little over 8 miles upon a gallon. Our own computation from his data gives a result of about $9\frac{1}{2}$ miles to the gallon, but, after all, the figures are of slight value, since it is a matter of common knowledge that economy in the consumption of gasoline in driving motor cars is largely influenced by the ability and experience of the chauffeur, by the character of the road traveled, by the number of stops, and by the length of the times in which the engine is permitted to run without progression. Upon none of these elements is any light thrown by the evidence and consequently the plaintiff has failed to establish his contention. Referring now to the alleged representation that the body of the car should have a seating capacity of 24 passengers and that in fact it would seat no more than 22, we think the evidence clearly establishes the fact that the plaintiff himself selected the style and dimensions of the body to be installed upon the chassis, and that he frequently inspected it during the process of construction. We are also convinced by the evidence that it did as a matter of fact have a seating capacity of 24 passengers.

3. Respecting the contention that the defendant Gerlinger Motor Car Company promised that in the event that the venture should fail to be a financial success it would then procure for the plaintiff contracts from individuals and firms for the profitable use of the car, and that it failed to fulfill such an agreement, it may be said that the general rule is well established that, to constitute actionable fraud, there must be a false assertion in regard to some existing matter by which a party is induced to part with his money or property.

Some courts, however, have made an apparent exception to this rule in cases where the promise of future action is made with an intent existing at the time when the promise is made, not to perform the same: *Cerny v. Paxton & Gallagher Co.,* 78 Neb. 134 (110 N. W. 882, 10 L. R. A. (N. S.) 640). But, even if we accept this doctrine, it can be of no avail here, for the reason that the allegation of the complaint is not sufficient to bring the case within such exception.

4. In addition to what has been said thus far, it may be said that the plaintiff kept the car and used it for 37 days and was using it when it was attached in an action by defendant Bell in which he sought to recover an overdue installment of the unpaid note in controversy. That action has been tried, but as yet there has been no entry of judgment. It appears that plaintiff discovered the falsity of all of the alleged representations within the first two weeks of such use, but took no action in regard to the matter until after the attachment of the car. Under these circumstances, even if he had established the truth of the allegations of his complaint, it might well be said that he had elected to affirm the contract.

The decree of the trial court is therefore affirmed.

AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS, concur.