## AVERY v. WALLACE

No. 12447—Opinion Filed Feb. 5, 1924.

Rehearing Denied March 25, 1924.

### 1. Oil and Gas—Damages to Adjacent Land —Petition.

Where plaintiff's petition alleges in effect

that defendant carelessly and negligently permitted deleterious substances to escape from his oil well and flow out over plaintiff's land, destroying portions thereof for agricultural purposes, and occasioning a fire which destroyed valuable timber and meadow grass, it states a cause of action in favor of the plaintiff and against the defendant, and is sufficient to withstand general demurrer.

**2. Same—Measure of Damages—Evidence.**

Evidence offered on the part of plaintiff to show loss and damage to property which tends to show the actual value of the property immediately before the injury and its actual value immediately afterwards is competent to go to the jury for the purpose of determining the amount of plaintiff's loss and damage.

**3. Same—Instruction.**

An instruction upon the measure of damages to plaintiff's property which advises the jury that the damage, if any, is the difference between the actual value of the property immediately before the injury and the actual value of the same property immediately after the injury, is proper.

**4. Torts—Right of Recovery Against One of Several Joint Tort-Feasors.**

Where several parties, acting together or acting independently of each other, purposely or carelessly and negligently do such acts as to do injury resulting in damage to another. such injured party may maintain an action against all or against any one or more less than all of such parties for the entire amount of damage done; and where such injured party brings action for the damage done against one of such parties, it is not error for the court to instruct the jury that if they find from the evidence that the defendant, along with others, did the injurious acts resulting in damage, the plaintiff may recover from the one sued the entire amount of damage sustained by reason of such acts.

**5. Judgment Sustained.**

Record examined, and held, that no substantial error appears therein prejudicial to the rights of the plaintiff, in error, and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action by Lucile Wallace, a minor, by John W. Wallace, her guardian, against Cyrus S. Avery to recover damages to property of plaintiff by reason of defendant permitting salt water and other deleterious substance to flow over her land from oil wells. Judgment for plaintiff. Defendant brings error. Affirmed.

Geo. E. Reeves, for plaintiff in error.

Geo. W. Boone, for defendant in error

Opinion by SHACKELFORD, C. The parties to the action will be referred to as plaintiff and defendant, as they appeared in the trial court.

The plaintiff, Lucile Wallace, a minor, by her guardian, John W. Wallace, commenced this action in the district court of Tulsa county by filing her petition therein on the 10th of September, 1919. The petition, in effect, charges that the plaintiff is the owner of a certain 80 acres of land in Tulsa county; that on the — day of February, 1916, the defendant drilled in an oil well on a certain piece of land adjacent to plaintiff's land, at or near the head of a branch which led over and drained across plaintiff's land; and defendant carelessly and negligently permitted salt water and other deleterious substances to escape from his well or wells and flow out down the drain and across plaintiff's land, and killed and destroyed about seven acres of plaintiff's land for agricultural purposes; and occasioned a fire along the drain and on land of plaintiff adjacent thereto, destroying valuable trees and meadow grass, all to plaintiff's damage in the destruction of meadow grass, in the sum of $600, of trees in the sum of $250, and land the sum of $700; and prayed judgment in the sum of $1,550.

The defendant filed a general demurrer to the petition, which was overruled and exception allowed. The defendant thereafter filed a general denial by way of answer to the petition. The cause was tried to a jury on the 21st of February, 1921, resulting in a verdict and judgment in favor of the plaintiff in the sum of $600. The defendant prosecutes this appeal by case-made, and the cause is regularly here for review.

The defendant presents errors which we will consider under the following subdivision: (1) That the court erred in overruling the demurrer to plaintiff's petition. (2) That the court erred in admitting certain testimony offered on the part of the plaintiff (3) and in excluding certain testimony offered by defendant. (4) In giving certain instructions objected to by defendant, (5) and in refusing to give certain instructions requested by defendant. (6) That the court erred in rendering judgment for plaintiff.

We have carefully examined the petition of plaintiff, and find that it alleges that the defendant carelessly and negligently permitted deleterious substances from his oil wells to escape and flow out and over plaintiff's

land, destroying certain of her land for agricultural purposes, and occasioning a fire which destroyed valuable timber and meadow grass, and occasioned a loss to plaintiff of future crops of meadow grass, all to her damage. We think the petition was sufficient to withstand general demurrer.

Under the second proposition, defendant complains of the introduction of certain evidence offered by the plaintiff to show her damages. The effect of the testimony complained of was to show the value of the land immediately prior to it being overflowed by the deleterious substances from the defendant's oil well, and the value of the land immediately after the overflow. The testimony tended to show that the land was worth $100 per acre before the overflow, and nothing afterwards. That the overflow had killed the land for agricultural purposes to the extent of about 7 acres. We think proof of the value of the land immediately before the overflow, and its value immediately afterwards, was a proper way to arrive at the amount of damage to the land. This properly shows the diminution in value. Tootle v. Kent, 12 Okla. 674, 73 Pac. 310; St. Louis, I. M. & S. Ry. Co. v. Weldon, 39 Okla. 359, 135 Pac. 8; C., R. I. & P. Ry. Co. v. Galvin, 59 Okla. 258, 159 Pac. 1153; Armstrong v. May, 55 Okla. 539, 155 Pac. 238.

Evidence was offered by the plaintiff to show the destruction of certain valuable trees, and hay, and the number, amount, and value thereof, and what the land was capable of producing in hay. This is complained of because it would authorize a recovery of double damages; that plaintiff is not entitled to recover the value of the land and also the value of the trees destroyed as separated from the land, and the value of the prospective hay crops. Some of the evidence, perhaps, was objectionable for the reasons pointed out. The plaintiff was not entitled to recover the full value of the land, and to have a recovery also for prospective crops that might have been harvested therefrom; but the evidence as to past and present crops within reasonable limits would perhaps be competent for the purpose of helping the jury to arrive at the value of the land; and should have been properly taken care of and limited in the instructions. But, even though such evidence might have been permitted to go to the jury in such a way as to authorize a recovery of what defendant refers to as double damages, it evidently did not impress the jury to the hurt of the defendant, since the verdict returned, of $600, was $100 less than the evidence tended to show

the land destroyed was worth, without any reference to the trees or meadow grass. If the admission of the evidence offered was error, it resulted in no prejudice to the defendant, and should not require a reversal of the judgment.

Under the third proposition the defendant complains that his defense was that the damage had been done to plaintiff's land before he drilled in his oil well; and that the court refused to permit him to show by his evidence that the plaintiff's property had been damaged and destroyed for agricultural purposes before defendant drilled in his oil well. An examination of the record does not seem to bear out this contention. It appears that defendant made an offer to prove that the damage had already been done before the defendant drilled in his well; and the ruling of the court upon the offer was that such proof should be admitted. And, it does not appear that the court excluded any evidence offered by defendant to show that plaintiff's damages had been accomplished prior to defendant bringing in his well. In the instructions the court covered this offered defense by directing the jury that if the plaintiff's damage had occurred before the defendant drilled in his well, that defendant could not be held responsible for the wrong, and they should return a verdict for the defendant. We think that under the ruling of the court offering to admit evidence that plaintiff had sustained her damage and injury prior to the operations complained of against defendant, and in giving to the jury the instruction covering this defense, the defendant got all he was entitled to upon this point.

The fourth and fifth propositions cover complaints as to instructions given and refused. The chief cause of complaint as to instructions given is because the court instructed the jury that if the defendant's operations, along with others, negligently caused oil or salt water to flow over her land and do her injury, the defendant is liable for the entire damage. The evidence in the case, and the law authorized the instruction. There is some evidence in the record tending to show that perhaps other parties were responsible along with the defendant for the injury and damage to plaintiff. If there were others also in part responsible for plaintiff's injury, she had a right to sue all of them or any one or more of them, as all were wrongdoers and might be presented against jointly or severally, for the entire injury In City of Tulsa v. Wells, 79 Okla. 39, 191 Pac. 186, this court held:

"Where several persons unite in one act

which constitutes a wrong to another, the law permits all of the wrongdoers to be proceeded against jointly, also leaves the party injured at liberty to sue any of them severally or any number of them less than the whole and to enforce his remedy regardless of the participation of the others."

In Cooley on Torts (2nd Ed.) 153, it is said:

"But while the law permits all the wrongdoers to be proceeded against jointly, it also leaves the party injured at liberty to pursue any one of them severally, or any number less than the whole, and to enforce his remedies regardless of the participation of the others. While the wrong is joint it is also in contemplation of law several. * * * The rules regarding remedies which are applied to breaches of contract are obviously inapplicable here. * * * The case of wrongdoers is wholly different; the party injured has not assented to their action; he has not agreed what the consequences shall be if one or more shall trespass upon his rights, nor is he morally under obligation to pursue his remedy in any particular form because of that form being most to their convenience. Whatever course is seemingly most for his interest, it is just that he should be at liberty to select. Nor, after suit is brought can there be any apportionment of responsibility, whether the suit be against one or against all. Each is responsible for the whole and the degree of his blamableness as between himself and his associates is immaterial. When the contributory action of all accomplishes a particularly result, it is unimportant to the party injured that one contributed much to the injury and another little: the one least guilty is liable for all because he aided in accomplishing all."

The instruction fixing the measure of damages is also complained of. We have carefully examined it in the light of the verdict returned, and conclude that if the proper measure of damages was not submitted the verdict cured the error. The court advised the jury that in arriving at the damage of plaintiff's land, if any, they should take into consideration the value of the land immediately before the injury and its value immediately afterwards. This is the correct rule in determining the loss in value. The remaining part of the instruction was as to the trees and hay growing upon the land. It seems that perhaps nothing was allowed for the growing trees and hay, since the verdict was for less than the jury would have been authorized, under the evidence, to fix as the damage to plaintiff's land alone, without any reference to the trees or present or prospective hay crops. We think there was no error prejudicial to the defendant in the instructions given by the court. The instruc-

tions covered every phase of the case, and presented in clear and understandable language both the theory of the plaintiff and that of the defendant.

We have carefully examined the instructions requested by defendant and refused by the court in connection with the instructions given by the court; and have concluded that there was no error in refusing the requests. The instructions requested related more particularly to the destruction of the trees and meadow grass than had been covered by the court's instructions. It is apparent from the verdict returned by the jury that very little, if any, consideration was given to plaintiff's claim of loss other than the destruction of the land for agricultural purposes.

Upon a careful consideration of the briefs filed in connection with the record of the trial in the court below, we are led to the conclusion that there is no error in this record so prejudicial to the rights of the defendant as to require or justify a reversal of the judgment of the trial court.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.