**JUESCHKE v. SEELEY.**

No. 13527—Opinion Filed March 18, 1924.

**1. Appeal and Error—Questions of Fact—Verdict.**

The jury are the triers of the facts, and the sole and exclusive judges of the weight of evidence and the credibility of the witnesses, and where there is conflicting evidence, or evidence reasonably tending to support the verdict, the same will not be disturbed by this court on appeal.

**2. Negligence—Question of Fact.**

The question of negligence is one of fact, for the determination of the jury.

**3. Negligence—Parties Defendant — Joint Tort-Feasors.**

Where an injury is the product of the combined negligence of several persons, such persons are jointly and severally liable to the person injured, and suit may be instituted against one or all of the wrongdoers.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by John Neal Seeley, a minor, against Charles Jueschke. Judgment for plaintiff, and defendant appeals. Affirmed.

Harry O. Glasser and Nathan Scarritt, for plaintiff in error.

McKeever, Moore & Elam, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Garfield county, by plaintiff, a minor, by his mother as next friend, to recover $25,000 damages for injuries received in a collision which occurred in the city of Enid, between a motorcycle upon which plaintiff was a passenger, and an automobile belonging to the defendant, driven by Ivan Tinker, an employe of the defendant. The injury complained of ultimately resulted in, and necessitated the amputation of a lower limb of plaintiff, and there is no controversy as to the injury and the extent thereof.

The case was submitted to a jury on the 1st day of February, 1922, and resulted in a verdict in favor of the plaintiff for $1,000, from which verdict and the judgment of the court in accord therewith the defendant appeals.

The facts disclosed by the record are that Harry Davis, a motorcycle officer of the city of Enid, was directed by some of the officers at the police station to go and get the plaintiff and have him come to the police station in order that he might be interrogated as to some information desired by the officers. Pursuant to such direction the officer went to a point where the boy, the plaintiff herein, was playing, and advised him of his mission, and requested that he go with him on the motorcycle, which he did. On the way to the police station, while going south on the right hand side of the street and meeting the automobile coming north on the right hand side, the opposite side, of the street, and at the alley in the center of the block, the driver of the automobile turned his car to the left, crossing the street to drive into the alley, and in front of the motorcycle, on which plaintiff was riding, under which circumstances the collision occurred.

Appellant assigns various errors, but confines his argument in the brief to two propostitions:

First, that the evidence was not sufficient to prove any negligence on the part of the driver of defendant's car, and that the collision was the result of the negligence of

the driver of the motorcycle, and while the evidence is not very satisfactory on this point, it does unquestionably show that the driver of the car was operating same in violation of a city ordinance, in force in the city of Enid, which is as follows:

"No person operating or driving a vehicle shall cross in a street or turn said vehicle around at any place in the city of Enid, except at the street intersections"

—and the question of negligence being one of fact, to be determined by the jury under proper instructions from the court, and the jury having determined this matter adversely to the appellant's contention, and there being a conflict of evidence, and some evidence which reasonably tends to support the verdict of the jury, the judgment will not be disturbed for that reason in this court.

The second proposition urged by appellant is that the court erred in refusing to give certain requested instructions, and in giving the following instruction:

"The court further instructs you that negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances or doing what such a person would not have done, and if you find that the defendant, by its agent, or employes was negligent and that such negligence was the proximate cause of the plaintiff's injury, then you will find for the plaintiff, unless you find that the plaintiff has been guilty of contributory negligence."

Appellant contends that this was error, and that the court should have instructed the jury that the plaintiff would not be entitled to recover if the driver of the motorcycle was guilty of negligence, which contributed to the injury; in other words, take the position that the plaintiff would be bound by the negligence of a third party, and makes a very plausible argument based on this theory, but we cannot agree with counsel in this particular. In 20 R. C. L., p. 102, art. 89, we find a discussion of this point, as follows:

"In an action for injury alleged to be due to a neglect of duty on the part of the defendant, it is no defense that a similar duty rested upon another person. Nor is it any defense to show that the act or omission charged was not the sole and only cause of the injury. If the defendant's act was operative at the very moment of the injury, he will be held liable therefor, although the injurious result was concurred in and contributed to by the act of a third person, or inevitable accident. Stated in another form, if a person suffers damage as the proximate result of the negligence of two others, and the damage would not have occurred from the negligence of either alone, both are held liable to the person injured. And this is true of injuries to property as well as to personal injury. The rule is thoroughly well established that where an injury is the product of the combined negligence of several persons, such persons are jointly and severally liable to the person injured, and suit may be instituted against one or all of the wrongdoers. Accordingly, if the presence of gas in a cellar is due to the negligence of a gas company, and an explosion results from the negligent striking of a match by a stranger, it is held that the party injured may recover against either the gas company or the stranger, or against both, at his election. Upon the same principle it has been held that a municipal corporation is liable for personal injury to a pedestrian who, without fault on his own part, falls from an unguarded sidewalk, although the direct cause of the fall is the negligence of a third person in pushing him off the sidewalk. But while the general rule is as above stated, if it appears that either of the persons whose negligence injures a third is the representative or agent of the latter, or under his control, he cannot recover therefor, because the negligence of the representative or agent is in law the negligence of his principal, and the principal, injured, has no cause of action, for the reason that, being chargeable with the negligence of his agent, he is deemed guilty of contributory negligence. Again, unless the ultimate injury is the natural and probable consequence of the defendant's act of negligence, that act is not the proximate cause of the injury, and no action can be maintained upon it, whether the succeeding injury results from that act alone or from that act and the concurring or succeeding negligence of a stranger. In other words, the concurring negligence of another cannot transform an act of negligence which is so remote a cause of an injury that it is not actionable into a cause so proximate that an action can be maintained upon it It cannot create a liability against one who does not legally cause it, or make an injury the natural and probable result of a prior act of negligence which was not, or would not have been, such a result in its absence."

And under this rule which we think is a correct rule of law the negligence, if any, of the police officer who was driving the motorcycle could not be imputed to the plaintiff, and if he was injured by the negligence of both parties, they would be liable jointly and severally and the instruction complained of was a correct instruction. If there was negligence on the part of the defendant, plaintiff was entitled to recover, unless he himself contributed to the injury by his own negligence. This seems to be the rule except where the third party guilty of negligence is the agent of the injured party and is acting under his direction and control.

Finding no reversible error in the record,

we recommend that the judgment be affirmed.

By the Court: It is so ordered.