PADGETT v. CHICAGO, R. I. & P. RY. CO. et al.

No. 445.

Circuit Court of Appeals, Tenth Circuit.

Dec. 15, 1931.

W. P. Morrison, of El Reno, Okl. (W. A. Ledbetter, H. L. Stuart, R. R. Bell, and E. P. Ledbetter, all of Oklahoma City, Okl., and Albert Lee Morrison, of El Reno, Okl., on the brief), for appellant.

Thos. H. Owen, M. A. Looney, Paul N. Lindsey, and J. Fred Swanson, all of Oklahoma City, Okl., for appellees.

Before LEWIS and McDERMOTT, Circuit Judges, and SYMES, District Judge.

LEWIS, Circuit Judge.

Padgett, a citizen and resident of the state of Oklahoma, instituted this suit in the dis-

trict court of that state against the Chicago, Rock Island and Pacific Railway Company, an Illinois and Iowa corporation, the Traders Compress Company, a Delaware corporation, and Charles Dossey and H. A. Sparkman, citizens and residents of Oklahoma. The action was for recovery of damages on account of personal injuries received by Padgett while he was in discharge of his duties as brakeman on one of the railway company's freight trains. Dossey was conductor in charge of said train. Sparkman was superintendent of a compress plant owned by the Traders Compress Company at Anadarko, Oklahoma. It is alleged that plaintiff, at the time of the injury, was under the orders of Dossey, and the train crew was engaged in switching cars onto a side track for use by the compress company at its plant; that a guy wire attached to the smoke stack of the compress plant passed over the switch track that led to the compress and was so erected and maintained that it did not clear a man on top of the railway cars, thus producing a dangerous condition to the life and limb of railway employees whose duty it was to be on top of said freight train; that said wire had been so put up and maintained by the compress company and Sparkman, its superintendent, and its erection and maintenance in said dangerous condition was negligence; that the railway company and Dossey had known for a long time the position of said wire and the dangerous condition thereby brought about to railway employees in putting cars onto and taking them from said track, and that the said negligence of the Traders Compress Company and Sparkman in so erecting and maintaining the guy wire, and the negligence of the railway company and Dossey in furnishing to plaintiff a dangerous place in which to work and in failing to inform and warn him of the danger were joint and concurrent and the proximate cause of the accident and injury suffered by plaintiff, in that, while plaintiff was on a string of freight cars moving over said side track in the discharge of his duties as brakeman and at the direction of Dossey as conductor, he was struck by said guy wire and knocked from the cars whereby he received permanent and severe personal injuries.

The railway company and Dossey filed their answers to the complaint in the state court, and thereafter the Traders Compress Company filed its petition for removal of the suit to the federal court, which was granted. The petition for removal alleged a separable controversy between plaintiff and the compress company. It also alleged that Spark-man had nothing to do with the erection of the guy wire and no right or duty to remove it, that under his contract of employment there could be no joint liability of the Traders Compress Company and Sparkman, and that the joinder of Sparkman was a legal fraud on the Compress Company to prevent it from exercising its right of removal, and that Sparkman was fraudulently joined for that purpose. It further alleged that the controversy between Padgett and the compress company could be fully determined without reference to the other defendants in the action. Sparkman made an affidavit in support of the motion in which he averred that he was not employed at the Anadarko plant at the time of the construction and erection of the guy wire supporting the smoke stack, that it had been erected prior to his employment at that plant, that it was not his duty to inspect the machinery and the various attachments around the compress, that those duties belonged to another employee, but that, if he discovered anything wrong in that respect, his duty extended no further than to notify another employee who might then instruct him what, if anything, he should do, and that he had no knowledge that the guy wire was in a dangerous condition. The compress company offered no proof to sustain its charge that Sparkman had been fraudulently joined to prevent removal.

The order of the state judge removing the cause was entered on February 15th. On February 17th transcript of the record was filed, and on that day plaintiff moved to remand to the state court. That motion alleged that Dossey and Sparkman were citizens and residents of Oklahoma, that they were joined as defendants in good faith, that there was no separable controversy, that there was no allegation of fraudulent joinder of Dossey as a defendant, and that the railroad company did not join in the petition for removal. This motion was overruled. Later, the plaintiff dismissed as to Sparkman and then filed a second motion to remand to the state court, which was overruled. Thereafter the court dismissed the case because plaintiff had declined to make a deposit to secure the costs—then this appeal.

■ Plaintiff's petition alleges concurrent acts of negligence on the part of the defendants. It is the rule in Oklahoma that tort feasors may be joined in an action or sued separately at the election of the plaintiff. He has a right to maintain a suit in either way. Selby O. & G. Co. v. Rogers, 94 Okl. 269, 221 P. 1012; Jueschke v. Seeley, 98 Okl. 133, 224

P. 341; Avery v. Wallace, 98 Okl. 155, 224 P. 515. In Northup v. Eakes, 72 Okl. 66, 178 P. 266, 268, the court said:

"Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it."

See Chicago, Rock Island Ry. v. Whiteaker, 239 U. S. 421, 36 S. Ct. 152, 60 L. Ed. 360. And where a complaint shows joint liability arising out of concurrent negligence there can be no separable controversy authorizing removal to a federal court. Hay v. May Co., 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965; Kraus v. C. B. & Q. R. Co. (C. C. A.) 16 F.(2d) 79.

█ Conceding for argument that the acts charged against Sparkman as constituting negligence (erecting and maintaining the wire) were, as alleged, the acts of his principal and over which he had no control and for which he is in no manner liable (Macutis v. Packing Co. (D. C.) 203 F. 291) and that therefore Sparkman was fraudulently joined to prevent removal, still the order of removal was improperly granted because of the presence of Dossey as defendant, against whom and the two corporate defendants the plaintiff's complaint showed no separate controversy for purposes of removal and no fraudulent joinder of Dossey, a resident citizen. Moreover, if we put this aside, when the case was dismissed as against Sparkman, it then stood against two non-residents and one resident defendant, and the federal court was without jurisdiction.

Reversed with direction to remand to the state court.