# CITY OF SKIATOOK v. CARROLL.

No. 21534.   Opinion Filed April 25, 1933.

L. H. Taylor, for plaintiff in error.

Harry L. S. Halley and W. B. Richards, for defendant in error.

ANDREWS, J.  This is an appeal from a judgment of the district court of Tulsa county by the defendant in an action in which the plaintiff recovered a money judgment for damage to real estate, which was caused by the diversion of water from its natural flow. causing it to flow upon the land of the plaintiff in an unnatural manner, to the damage of the plaintiff.

Prior to the construction of the pavement by the city, such water flowed over a natural course into a ravine. By the construction of the pavement, it was diverted from that course and was caused to flow in a different volume and over a different course.

The plaintiff in error contends that the injury was permanent, and that by reason thereof such action was barred by the applicable provisions of the statutes of limitation. It relies on the decision of this court in City of Mangum v. Sun Set Field, 73 Okla. 11, 174 P. 501, and Consumers Light & Power Co. v. Holland, 118 Okla. 132, 247 P. 50. Those decisions are not controlling. See Oklahoma City v. West, 155 Okla. 63, 7 P. (2d) 888, and Oklahoma City v. Page, 153 Okla. 285, 6 P. (2d) 1033.

This court has persistently followed the common-law rule that it is unlawful to divert surface water from its usual and ordinary course, to collect it in volume, and to convey it by artificial means onto the property of a private individual. Town of Norman v. Ince, 8 Okla. 412, 58 P. 632; Chicago, R. I. & P. Ry. Co. v. Johnson, 25 Okla. 760, 107 P. 662; City of Ardmore v. Orr, 35 Okla. 305, 129 P. 867, and City of Chickasha v. Looney, 36 Okla. 155, 128 P. 136.

When a cause of injury can be abated, either by a reasonable expenditure of labor or money, it will not be held to be permanent, and the owner is entitled to recover such damages as have been sustained by actual injury or loss of use of the property up to the time of the commencement of the action, and successive actions may be brought by the landowner for any damages occurring thereafter, if such cause of injury be not abated. City of Ardmore v. Orr, supra, citing Uline v. N. Y. Cent. & H. R. Co., 101 N. Y. 98, 4 N. E. 536, 54 Am. Rep. 661, and Sloss-Sheffield Steel & Iron Co. v. Mitchell, 161 Ala. 278, 49 So. 851.

In Pahlka v. Chicago, R. I. & P. Ry. Co., 62 Okla. 223, 161 P. 544, this court, discussing the question here considered, said:

"We must hold that when a cause of an injury is abatable, either by an expenditure of labor or money, it will not be held permanent, it being clear that the abatement of the causal negligent condition in a structure, rightfully maintained except for the negligence, is consistent with the rightful use and maintenance of the structure if the structure is otherwise permanent in its nature: that a cause of action for damages, occasioned by a structure, not permanent under the above rule, arises at the time of the actual injury, successive actions being maintainable for successive injuries, the respective injuries not being total or permanent. * * *"

The plaintiff in error contends that the damage was caused by the construction of a paved road by Tulsa county, and it complains of the refusal of the trial court to give an instruction with reference to the liability of Tulsa county. It says:

"If the county of Tulsa had not taken said water at the end of the paving laid by the defendant below, but had allowed it

to escape at that point, somebody else other than the plaintiff below might have been damaged, and the city of Skiatook might have been liable for such damages under the proper circumstances; but, in that case, such water would not have reached the premises of Mrs. Carroll, below, and she would not have been damaged; hence, all of the damages incurred by Mrs. Carroll, the plaintiff below, were caused by the act of a third party, in this case, the county of Tulsa, in taking water at the end of the city pavement at a point 160 feet west of the premises owned by the plaintiff below, and deliberately carrying it down and dumping it upon her without being required to do so and without any authority to do so from any person."

We find no error in the refusal to give the instruction requested. There are a number of reasons why the instruction should not have been given, among which is the rule as to concurrent causes. That rule is stated in 45 Corpus Juris, section 476, as follows:

"If the concurrent negligence of two or more persons combined together results in an injury to a third person, they are jointly and severally liable and the injured person may recover from either or all; the concurring negligence of one is no excuse or defense to another; each is liable for the whole, even though another was equally culpable, or contributed in a greater degree to the injury; no consideration is to be given to the comparative degree of negligence or culpability, or the degree of care owing; and further inquiry as to proximate cause is not pertinent. * * *"

The Oklahoma decisions cited thereunder are as follows: Avery v. Wallace, 98 Okla. 155, 224 P. 515; Jueschke v. Seeley, 98 Okla. 133, 224 P. 341; Selby Oil, etc., Co. v. Rogers, 94 Okla. 269, 221 P. 1012; Walters v. Prairie Oil, etc., Co., 85 Okla. 77, 204 P. 906, and Northup v. Eakes, 72 Okla. 66, 178 P. 266. In Pratt v. Chicago, etc., R. Co. (Iowa) 77 N. W. 1064, it was stated as follows:

"The rule of law is well settled that the mere fact that some other cause operates with the negligence of defendant to produce the injury does not absolve defendant from liability. His original wrong, concurring with some other cause, and both operating proximately at the same time in producing the injury, makes him liable, whether the other cause was one for which defendant was responsible or not."

The plaintiff in error complains as to the amount of the damages fixed by the verdict of the jury, and contends that it was the duty of the plaintiff to protect her property against injury. It cites no authority in support of that complaint or of that contention. We know of no rule of law which requires a property owner to build a dike in front of his house to keep water off his premises that has been diverted from its natural course and turned onto the property by the action of a city. If the city desired to change the course of the flow of the water, it should have protected the property of the plaintiff from injury, and it will not be heard to say that it is not liable to the plaintiff for the damage sustained by her because she did not build a dike to keep the water off her property.

We have carefully read the record, and we find nothing therein from which we can conclude that the verdict of the jury was excessive.

Under the rule stated in Brown v. Mc-Nair, 125 Okla. 144, 256 P. 903, this court will not modify a judgment in an action for damages, where it is sustained by sufficient evidence, on the ground that it is excessive. unless it appears either to have been rendered through passion or prejudice.

We find no error in the judgment of the trial court, and that judgment is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN. BUSBY, and WELCH. JJ., concur. McNEILL, J., not participating. BAYLESS, J., absent.