## INDIAN TERRITORY ILLUMINATING OIL CO. et al. v. BELL.

No. 24611.   May 28, 1935.

Rehearing Denied June 25, 1935.

Miley, Hoffman, Williams, France & Johnson, and M. W. Eddleman, for plaintiffs in error.

Wright & Wright, for defendant in error.

PER CURIAM. The plaintiffs in error will be referred to as defendants, and defendant in error as plaintiff, as they appeared in the court below.

This action was commenced on July 17, 1930, in the district court of Oklahoma county, by the plaintiff to recover the sum of $2,325 for damage to crops alleged to have been caused by the negligence of defendants in permitting oil and salt water to escape from their wells and premises in the Oklahoma City oil field, and to flow into the North Canadian river, and thence down to and upon the premises of the plaintiff. The jury returned a verdict for $500

in favor of plaintiff, nine of the jurors signing the verdict.

Motion for new trial was timely filed, but before it could be heard and determined, the trial judge, Honorable Wyley Jones, died. Supplement to the motion for new trial was filed, suggesting the death of the trial judge and that no other judge could properly pass upon those grounds for the motion for new trial relating to sufficiency of the evidence, for the reason that the evidence was directly in conflict on numerous material issues, and no other judge had observed the conduct and demeanor of witnesses, their manner of testifying, their candor and frankness, or lack thereof, and could not intelligently determine the relative weight to be given to the testimony of the several witnesses. The Honorable R. P. Hill, successor to the trial judge, heard the motion for new trial and supplement thereto, denied them, and entered judgment on the verdict. From these proceedings this appeal is prosecuted.

In his petition plaintiff alleged that he was in possession of 65 acres of land in Oklahoma county, 25 acres of which was in pasture and the remainder of which he had planted in various crops, consisting of corn, sweet potatoes, tomatoes and other truck crops; that since the early spring of 1930 defendants have been operating oil wells on sections 1, 2, 10, 11 and 12, township 11 north, range 3 west. in the Oklahoma City field, and had permitted oil and salt water to escape therefrom, which substances had flowed into the creeks and branches in the area of said wells and thence into the North Canadian river; that in periods of high water the river overflowed its banks, thereby depositing oil and salt water on his crops; that by reason thereof, his crops and pasture had been destroyed, fish in his fish pond had been killed, and five cows had been damaged, for which he prayed judgment in the amount above set out. The answer of defendants was a general denial.

We are met by defendants' first proposition that the evidence is not sufficient to sustain the verdict, and that the court erred in overruling their demurrer to the evidence and denying their request for an instructed verdict. The evidence, as shown by the record, amply sustains the verdict, but defendants urge that, notwithstanding they owned and operated separate leases, there was no joint liability and that each defendant can be held only for the damage which it alone caused.

Defendants' counsel realize that their contention as outlined above is contrary to the rule which this court has adopted in Northup v. Eakes, 72 Okla. 66, 178 P. 266; Walters v. Prairie Oil & Gas Co., 85 Okla. 77, 204 P. 906, and Tidal Oil Co. v. Pease, 153 Okla. 137, 5 P. (2d) 389, and say that those cases were not sound and are opposed by reason and weight of authority and should be overruled. We seriously doubt the wisdom of that statement. 45 C. J. 895. But be that as it may, the opinions of other courts are not binding on this court, for there is a local policy in Oklahoma, expressed in statute and decision, whereby the contrary doctrine is followed.

In the leading case of Northup v. Eakes, supra, this court, after reviewing certain authorities, said:

"Several of these cases are directly in point, and, as they satisfactorily state the reasoning upon which the rule announced is based, we are constrained to follow them without further comment, although there seems to be some respectable authority to the contrary."

Other cases of this court have supported the doctrine announced in the Northup Case as the law of Oklahoma besides those cited by defendants' counsel which they ask to be overruled. Selby O. & G. Co. v. Rogers, 94 Okla. 269, 221 P. 1012; Jueschke v. Seeley, 98 Okla. 133, 224 P. 341; Avery v. Wallace, 98 Okla. 155, 224 P. 515; Carter Oil Co. et al. v. Cochran, 151 Okla. 191, 3 P. (2d) 209; City of Skiatook v. Carroll, 163 Okla. 149, 21 P. (2d) 499.

The United States Circuit Court of Appeals for the Tenth Circuit has approved the rule that joint tort-feasors may be joined in an action or sued separately at the election of the plaintiff. Padgett v. Chicago, R. I. & P. Ry. Co., 54 F. (2d) 576; Johnson v. Noble, 64 F. (2d) 396.

This court, in the case of City of Skiatook v. Carroll, supra, made the following observation:

'That rule is stated in 45 C. J. sec. 476 (p. 895), as follows: 'If the concurrent negligence of two or more persons combined together results in an injury to a third person they are jointly and severally liable and the injured person may recover from either or all; and the concurring negligence of one is no excuse or defense to another; each is liable for the whole; even though another was equally culpable, or contributed to a greater degree, to the injury; no consideration is to be given to the comparative degree of negligence or culpability, or the degree of care owing; and further in-

quiry as to proximate cause is not pertinent'."

Defendants' other proposition is that the court erred in overruling defendants' motion for new trial and supplement to motion for new trial, and in support of same they say that because the Honorable Wyley Jones died before the motion for new trial could be heard, no other judge could properly pass upon those grounds of the motion for new trial relating to the sufficiency of the evidence for the reason he had had no opportunity to observe the conduct and demeanor of the witnesses, their manner of testifying, their candor and frankness, or the lack thereof, and could not intelligently determine the relative weight to be given to the testimony of the several witnesses. This proposition is without merit, for the reason that the Honorable R. P. Hill, successor to the trial judge, heard the motion for new trial and supplement thereto and denied them.

Judge Hill, in overruling the motion for new trial, found the following:

"And the court being fully advised in the premises and it appearing to the court that the Honorable Wiley Jones, a regularly elected, qualified and acting judge of the Thirteenth Judicial District, who tried the above numbered and entitled cause, died subsequent to the verdict of the jury returned herein on the 28th day of January, 1931, and the order directing the record of said verdict and judgment in accordance therewith, without having passed upon or ruling upon said motion for new trial; and said motion for new trial and supplemental motion for new trial were duly presented to the undersigned judge of the district court, successor of the Honorable Wiley Jones, deceased, on the 9th day of May, 1932; at which time the plaintiff appeared by his attorneys, Wright & Wright, and the defendants, and each of them, appeared by their attorneys of record, Miley, Hoffman, Williams & France, and said motion and supplemental motion were fully argued and presented to the court; and, it appearing that one of the grounds of said motion for new trial is that the verdict is not sustained by sufficient evidence and another that the verdict is contrary to law, and it appearing that the attorneys for the respective parties were unable to agree upon the facts proven or established by the evidence introduced in the trial of said cause, and the undersigned judge, who did not preside at said trial and who was not present during trial and being unfamiliar with the evidence introduced on behalf of the respective parties, and who did not see the witnesses, observe their conduct, demeanor and appearance while testifying, continued the hearing on said motion for new trial for the purpose of having Henry Walker, the official court reporter who took the testimony in shorthand, read the testimony of the witnesses from his said shorthand notes, and after hearing all of said testimony read to him by the said court reporter, the court is of the opinion that while the testimony is conflicting, there is sufficient evidence, if true, to support the verdict of the jury and that said verdict should be, and is, in all things sustained by, the court and final judgment should be entered thereon in favor of the plaintiff and against the above named defendants in the sum of $500 in accordance therewith."

The court below is sustained in his judgment by section 788, C. O. S. 1921 (537, O. S. 1931), and by the decisions of this court. Lookabaugh v. Bowmaker, 30 Okla. 242, 122 P. 200; Adams v. Wallace, 94 Okla. 95, 221 P. 16; Tidal Refining Co. v. Chas. E. Knox Oil Co., 116 Okla. 1, 243 P. 150; Green et al. v. Correll, 133 Okla. 94, 271 P. 241.

For reasons stated, the judgment of the court below is affirmed.

The Supreme Court acknowledges the aid of Attorneys Hulette Aby, W. D. Abbott, and Wm. O. Beall in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Aby and approved by Mr. Abbott and Mr. Beall, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, and GIBSON, JJ., concur.