### PRAIRIE OIL & GAS CO. et al. v. LASKEY.

No. 24820.   May 28, 1935.

Rehearing Denied June 25, 1935.

Miley, Hoffman, Williams, France & Johnson and Harry D. Turner, for plaintiffs in error.

Twyford & Smith, for defendant in error.

PER CURIAM. Anna Laskey commenced this action in the district court of Oklahoma county, as plaintiff, against the Prairie Oil & Gas Company et al., as defendants, for damage to creek, trees, pasture and meadow by reason of the defendants permitting oil and salt water to escape from their leases. The parties will be referred to as they appeared in the trial court.

The facts are that the plaintiff owned the N. E. ¼ of sec. 32, twp. 11, rge. 2 W., Oklahoma county, Okla., and the Indian Territory Illuminating Oil Company operated an oil and gas lease on the S. W. ¼ of sec. 31, twp. 11, rge. 2 W., of said county, known as the Sudik lease, and other leases near the plaintiff's farm; and the Prairie Oil & Gas Company operated an oil and gas lease on the S. W. ¼ of section 32, twp. 11, rge. 2 W., of said county, known as the Sigmon lease, and other leases near the plaintiff's farm. A well on the Sudik lease ran "wild" for about a week in the latter part of April, 1930; and a well on the Sigmon lease ran "wild" for several days during the month of May, 1930, which wells sprayed oil all over the area and onto plaintiff's land. Crutcho creek drained both the Sudik and Sigmon leases and ran through the plaintiff's farm. Crutcho creek on plaintiff's farm became polluted with oil and salt water and a number of trees on plaintiff's farm along said creek died by reason thereof. A demurrer to plaintiff's evidence was sustained as to all defendants except the defendants the Prairie Oil & Gas Company and Indian Territory Illuminating Oil Company. The jury returned a verdict for the plaintiff against said defendants for damage to stream and damage to trees, and the court rendered judgment in accordance therewith.

The defendants present all their assignments of error under two heads, to wit:

"(1) The court erred in admitting evidence on the part of the defendant in error over the objection of the plaintiffs in error.

"(2) The court erred in ruling that there was no misjoinder of causes of action, and in rendering judgment against plaintiffs in error jointly."

Under the first proposition, the defendants contend that the trial court erred in admitting in evidence a map prepared by the witness Ellison, a geologist, showing the ownership of the land and leases, Crutcho creek and its watershed, and elevation of the area in which the defendants' leases and plaintiff's farm are situated, for the reason that the elevations shown on said map were furnished by the Laughlin Elevation Service and that he (Ellison) did not run the elevation. At the beginning of the trial the parties stipulated and agreed as to the ownership of the leases operated by the defendants and the farm owned by the plaintiff. The witness Ellison, who prepared said map, testified that he was out to Crutcho creek on plaintiff's farm a few days prior to the time of the trial, and that he was out there three or four times before that. It is apparent that he had personal knowledge of the drainage of defendants' leases, and the land of the plaintiff, and he testified that the elevations as shown by said map are known to be correct, and are correct. It is apparent also that the map was used to explain in a general way where Crutcho creek began, and as an aid to the court and the jury in understanding the evidence of the witness relative to the general drainage of the leases of the defendants, and the watershed of and the course of Crutcho creek.

"It is a common practice in the courts to receive private or unofficial maps, diagrams, or sketches, for the purpose of giving a representation of objects and places which generally cannot otherwise be as conveniently shown or described by witnesses, and when proved to be correct or offered in connection with the testimony of a witness they are admissible as legitimate aids to the court or jury." 22 C. J. 910, par. 1114.

"An unofficial map, plan, plat or drawing indicating the location of objects under investigation, and shown by the testimony to be reasonably accurate, is properly admitted in evidence, in connection with the testimony, as an aid to the court and jury." 10 R. C. L. 1152.

"Whether or not it is proper to admit a map or diagram in any particular case is a question resting in the discretion of the trial court." 22 C. J. 912, 913.

The witness Ellison testified from his own personal knowledge relative to the drainage of the defendants' leases. There is ample evidence in the record, including the defendants' exhibit and the evidence of defendants' witnesses, without said map, to show that defendants' leases drained into Crutcho creek, then through plaintiff's farm. All the evidence with reference to the drainage of the defendants' leases shows that they drained into Crutcho creek, then through plaintiff's farm, and there is no evidence to the contrary. The defendants had ample opportunity to refute this by showing the drainage of the leases to be otherwise, if such was a fact.

"When the testimony upon a given point is all harmonious, a cause will not be reversed because some of the evidence thus offered may have been inadmissible." Ray v. Harrison, 32 Okla. 17, 121 P. 633.

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, * * * unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." Section 3206, O. S. 1931.

"Incompetent evidence, to work a reversal of judgment, must be shown to have been prejudicial to the party complaining." Lieuallen v. Young, 115 Okla. 153, 241 P. 342.

Said map was shown to be correct for the purposes offered in evidence and the purposes for which it was used. Other information contained on said map was either stipulated and agreed to by the parties, or else could not have been used or considered by the jury, and said map was offered in connection with the testimony of the witness Ellison in explaining the general drainage of the area of the defendants' leases and the plaintiff's farm, and we hold that the court did not commit error in admitting said map in evidence. And even if it was not admissible in evidence, it would not require a reversal, because the admission thereof in evidence has not resulted in a miscarriage of justice, and has not been prejudicial to the defendants.

Under the second proposition, the defendants contend that there was a misjoinder of causes of action, and that judgment should not have been rendered against the defendants jointly, as the evidence shows that the Sudik well ran "wild" on or about April 26, 1930, and the Sigmon well ran "wild" on May 17, 1930, which wells were on different tracts of land, and there was no common design or concert of action among the defendants. We are of the opinion that there is no merit to this contention. The evidence shows that oil escaped from the Sudik leases operated by the defendant Indian Territory Illuminating Oil Company all over the area and drained into Crutcho creek, and that oil escaped from the Sigmon lease operated by the Prairie Oil & Gas Company all over the area and drained into Crutcho creek, which creek ran through plaintiff's farm, and said creek on plaintiff's farm became polluted with oil, and a number of trees along said creek on plaintiff's farm died by reason thereof. The separate acts of said defendants in permitting oil to escape from their leases combined to cause the damage to Crutcho creek that ran through plaintiff's farm, and combined to cause the damage to the trees on plaintiff's land, and each is responsible for the entire damage. Northup v. Eakes, 72 Okla. 66, 178 P. 266; Tidal Oil Co. v. Pease, 153 Okla. 137, 5 P. (2d) 389.

The rule is stated in 45 C. J., par. 476, as follows:

"If concurrent negligence of two or more persons combined together results in an injury to a third person, they are jointly and severally liable and the injured person may recover from either or all; the concurring negligence of one is no excuse or defense to another; each is liable for the whole; even though another was equally culpable, or contributed in a greater degree to the injury; no consideration is to be given to the comparative degree of negligence or culpability, or the degree of care owing; and further inquiry as to proximate cause is not pertinent. * * *"

A number of Oklahoma decisions are cited thereunder in support of said rule. Said rule was also quoted, approved, and followed by this court in the case of City of Skiatook v. Carroll, 163 Okla. 149, 21 P. (2d) 498.

A careful examination of the record discloses that the defendants had a fair trial, and there being no prejudicial errors in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Glenn H. Chappell, B. A. Lewis, and J. Robt. Ray in the preparation of this opinion. These attorneys constituted an

advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court After the analysis of law and facts was prepared by Mr. Chappell and approved by Mr. Lewis and Mr. Ray, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BUSBY, WELCH, PHELPS, and CORN, JJ., concur.