## OKLAHOMA CITY v. MILLER.

No. 25763. March 9, 1937.

Harlan Deupree, Municipal Counselor, and P. E. Gumm, Asst. Municipal Counselor, for plaintiff in error.

Gomer Smith and J. M. Siler, for defendant in error.

OSBORN, C. J. Plaintiff, John H. Miller, sued defendant, the city of Oklahoma City, in the district court of Oklahoma county to recover damages arising from the negligent operation of its sewer system. The cause was tried to a jury, and a verdict was rendered in favor of plaintiff in the sum of $1,100. From a judgment on the verdict, defendant appeals. The parties will be referred to as they appeared in the trial court.

Plaintiff owned a tract of land east of Oklahoma City adjacent to the North Canadian river and occupied the same as his residence. The city of Oklahoma City emptied its sewage into said river. The determination by the jury of the issues of fact regarding the pollution of the stream and the resultant damage to plaintiff is amply sustained by the evidence.

On appeal it is urged that the city is not liable because engaged in the performance of a governmental function. Complaint is also made of certain instructions regarding the elements of damage. Both of these propositions were before the court and determined adversely to defendant in the case of Oklahoma City v. Eylar, 177 Okla. 616, 61 P. (2d) 649.

It is urged that the trial court erred in rejecting certain evidence offered by defendant regarding the pollution of the stream from sources other than defendant's sewage disposal plant. These offers are as follows:

"We offer to prove by this witness that 30,000 gallons of sewage from the packing plant, soap factory, were cut off from the disposal plant because of its strong contents and that it was dumped into the river by the packing plant in its concentrated form, and we offer to further prove by this witness that it was this substance that flowed down the river and was the stuff found in and near this plaintiff's property.

"We offer to prove by this witness that the Morgan Petroleum Company's well went wild and an immense amount of oil covered this river from at least Oklahoma City clear to Harrah and there were numerous fires on the river during the time; that the effect of the oil from the water causes it to retain any and all sewage that may be in it, does not permit it to aerate, and if it had been aerated that there would be no sewage

from the disposal plant that would have caused the plaintiff any damage and that at all other times during 1930 and '31, there was oil on the river."

"I offer to further prove by this witness that considerable amounts of salt water have been dumped into the river from the oil field in and near Oklahoma City and that the effect of the salt water in the stream is such that the stock would not drink the water saturated with it."

This court has consistently held that where independent acts of negligence of several combine to produce directly a single injury, each is responsible for the entire result, though his act or neglect alone might not have caused it. Burt .Corp. v. Crutchfield, 153 Okla. 2, 6 P. (2d) 1055; Rhodes v. Lamar, 145 Okla. 223, 292 P. 335; Avery v. Wallace, 98 Okla. 155, 224 P. 515; Jueschke v. Seeley, 98 Okla. 133, 224 P. 341; Selby O. & G. Co. v. Rogers, 94 Okla. 269, 221 P. 1012; Walters v. Prairie O. & G. Co., 85 Okla. 77, 204 P. 906; Northup v. Eakes, 72 Okla. 66, 178 P. 266.

Defendant concedes that the above rule is determinative of the issue presented, but contends that the rule is erroneous and that the cases should be overruled; that the correct rule is that there is joint liability only where there is concert of action. The principle, however, is so firmly fixed in our jurisprudence that we would not be justified in disturbing it at this time.

There is no merit in defendant's contention that the verdict is excessive.

The judgment is affirmed.

BAYLESS, V. C. J., and BUSBY, WELCH, CORN, GIBSON, and HURST, JJ., concur. RILEY and PHELPS, JJ., absent.

GIBSON, J. (concurring specially). While the law as announced in the Eylar Case, relied upon in the opinion herein, does not represent my individual view, the same having been promulgated by a majority of the court, I consider myself bound by it and I therefore concur in the opinion herein.