354 F.Supp. 309 (1973)
Mark ADOLPHUS et al., Plaintiffs,
v.
Boris ZEBELMAN et al., Defendants.
No. 72 C 193(1).
United States District Court, E. D. Missouri, E. D.
January 17, 1973.
Marvin Klamen, Klamen, Summers, Wattenberg & Compton, Clayton, Mo., for plaintiffs.
Sanford E. Pomerantz, Raskas, Ruthmeyer & Schneider, St. Louis, Mo., for defendants.

*310 MEMORANDUM
MEREDITH, District Judge.
All the plaintiffs and defendants are residents and citizens of Missouri, and the plaintiffs allege jurisdiction under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 through 1720.
The corporate defendant is engaged in the development, subdividing, and sale of land, and the other three defendants are the controlling stockholders, directors, and officers of the corporation. The plaintiffs are minority stockholders and in Count One of the complaint ask that the defendants be restrained from further sales of land in violation of the Interstate Land Sales Full Disclosure Act, and in Count Two allege that the violation of the Act has caused the depletion of the assets of the corporation and request the Court to appoint a receiver.
The facts developed at trial show that the defendants did, in fact, sell certain tracts of land on which there were blanket mortgages that had not been released at the time of the sales. As a result of these actions, there have been a number of civil suits filed against the corporation in the state courts asking actual and punitive damages. Since the actions have been brought in the state court and since the sales in question have been made, the blanket mortgages have all been paid off and the land in question is free and clear. The extent of the recovery under the civil suits which have been filed is as yet undetermined.
All of the plaintiffs were at one time officers of the corporation and have resigned. The defendants have offered to make them officers and directors, but plaintiffs have declined to take this responsibility.
The Court finds that the defendants did, in fact, violate the Interstate Land Sales Full Disclosure Act. The Court finds no basis on which a receiver should be appointed.
There is a serious question as to whether or not a minority stockholder has a cause of action cognizable in the Federal courts, or whether or not this Act is designed to afford relief only to the purchasers of lots. For discussion of such jurisdictional problems see the following cases: Moses v. Burgin, 445 F.2d 369 (1st Cir. 1971); Brouk v. Managed Funds, Inc., 286 F.2d 901 (8th Cir. 1961); Greater Iowa Corp. v. McLendon, 378 F.2d 783 (8th Cir. 1967). This Court is of the opinion that it has jurisdiction.
Plaintiff has also asked for attorneys' fees which will be denied.
The Court will enjoin the defendants from conducting their business in such a manner as to violate the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 through 1720.