**Mark ADOLPHUS et al., Appellants,**

**v.**

**Boris ZEBELMAN et al., Appellees.**

**No. 73–1121.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1973.

Decided Oct. 24, 1973.

Marvin Klamen, Clayton, Mo., for appellants.

Sanford E. Pomerantz, St. Louis, Mo., for appellees.

Before MATTHES, Senior Circuit Judge, and HEANEY and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

Plaintiffs, minority stockholders of the Bagnell Investment Company, commenced an action in the United States District Court for the Eastern District of Missouri under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 et seq. (1968). They alleged that the defendants—Bagnell and its controlling stockholders, officers and directors —had conveyed individual lots to purchasers without having blanket mortgages encumbering those lots released in accordance with a statement filed by the defendants with the United States Department of Housing and Urban Development. Plaintiffs asked the court to enjoin the defendants from further sales of land in violation of the Act and requested appointment of a receiver and dissolution of the corporate defendant.

The defendants moved to dismiss the complaint on the grounds that the plaintiffs were without standing to bring the action, and that the court was without jurisdiction to determine whether a receiver should be appointed and the corporate defendant dissolved.

The District Court denied the defendants' motion to dismiss, apparently without a written order, and found in its memorandum opinion that it had jurisdiction. After trial, the court found that the defendants had violated the Interstate Land Sales Full Disclosure Act by selling "tracts of land on which there were blanket mortgages that had not been released at the time of the sales" and enjoined the defendants from "conducting their business in such a manner as to violate" the Act. The court declined to appoint a receiver, dissolve the corporation, or allow attorneys fees to the plaintiffs. See, 354 F.Supp. 309 (E.D.Mo.1973).

The plaintiffs contend on appeal that the District Court erred in refusing to appoint a receiver for the corporate defendant and in denying their request for attorneys fees. The defendants do not raise the issue of standing on this appeal, being content with the decision of the court below.

We must, however, consider whether the plaintiffs met the *constitutional* requirement for standing. If they did not, we would have no alternative but to remand this matter to the District Court with instructions to it to dissolve its injunction and dismiss the complaint.

The Supreme Court, in Data Processing Service v. Camp, 397 U.S. 150, 90 S. Ct. 827, 25 L.Ed.2d 184 (1970), announced a two-part test for standing. Standing exists if: (1) the plaintiff "alleges that the challenged action has caused him injury in fact, economic or otherwise;" and (2) "the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Id.* at 152, 153, 90 S.Ct. at 829, 830.

The first requirement is a constitutional limitation on federal judicial power under Article III; and unless it is met, a case or controversy does not exist. Thus, the court—where the parties fail to raise the issue—is obliged to do so on its own motion. *Id.* at 151. See, 6 C. Wright & A. Miller, Federal Practice and Procedure § 1542, 642–643 (1971); Davis, The Liberalized Law of Standing, 37 U.Chi.L.Rev. 450 (1970). The second requirement is not a limita-

tion on the court's power to hear the case imposed either by Article III[1] or Congress.[2] Therefore, we need not decide on appeal whether that requirement is met unless it is raised by a party.

 We believe that if the complaint is read liberally, the plaintiffs alleged an "injury in fact." It alleged that the plaintiffs owned approximately fifteen percent of the shares of the outstanding common stock of the defendant corporation. It further alleged that the conduct of the individual defendants, if permitted to continue, would cause irreparable financial harm to the corporation and would inevitably depress or destroy the value of the plaintiffs' stock. In our view, these allegations were barely sufficient to show economic injury to the plaintiffs and to meet the constitutional requirement for standing. See, Barlow v. Collins, 397 U.S. 159 (1970), 90 S.Ct. 832, 25 L.Ed.2d 192; Data Processing Service v. Camp, *supra*.

The question of whether the Interstate Land Sales Full Disclosure Act was intended to protect minority stockholders of a corporation which is engaged in activities that are violating the provisions of that Act is a more difficult one. Because an answer here is not required, we leave this question to be answered when it is properly raised and briefed.

 Although not raised by the parties on appeal, this Court is also obliged to raise the issue of whether the District Court had the power to exercise pendant jurisdiction in this case. We are convinced that it did. The federal statutory claim and the state claim are derived from the same "nucleus of operative fact" and all claims are such that the plaintiffs would ordinarily be expected to try them "in one judicial proceeding." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

 We are satisfied, after a thorough examination of the record, that the District Court did not err in refusing to appoint a receiver and dissolve the defendant corporation. That decision was within the sound discretion of the trial court. We find no abuse of discretion here.

 The District Court did not abuse its discretion in refusing to award attorneys fees.

Affirmed.

---

1. Data Processing Service v. Camp, 397 U.S. 150, 157, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).

2. See, Davis, The Liberalized Law of Standing, 37 U.Chi.L.Rev. 450 (1970).