Kenneth J. SIEBERT et al.,
Plaintiffs-Appellants,

v.

GREAT NORTHERN DEVELOPMENT
COMPANY et al., Defendants-
Appellees.

No. 74–1962.

United States Court of Appeals,
Fifth Circuit.

May 23, 1974.

William Lewis Spearman, Atlanta, Ga., for plaintiffs-appellants.

Harold N. Hill, Jr., Jack S. Schroder, Jr., Atlanta, Ga., Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., W. Rhett Tanner, Hurt, Hill & Richardson, Edward T. M. Garland, Atlanta, Ga., for defendants-appellees.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Appellants instituted this suit on behalf of themselves and approximately 2300 other persons seeking damages for alleged fraud in the sale of land in a recreational subdivision. The complaint asserted, *inter alia,* violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq, and the antifraud provisions of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, as well as common law fraud. In response to appellants' request to maintain the

suit as a class action on behalf of all lot purchasers, the district court ruled that the allegations did not present questions of law or fact common to the asserted class as required by Fed.R.Civ.P. 23, and denied the motion. The court also denied as moot appellants' request for a preliminary injunction restraining appellees from contacting purchasers regarding forfeiture of their investment, and refused to order that notification of the dismissal of the class action be given to absent class members. Appellee now moves to dismiss the appeal of those orders.

To be appealable, an order of a district court either must be final, 28 U.S.C. § 1291; or it must fall into one of a series of specific classes of interlocutory orders, 28 U.S.C. § 1292. The refusal to allow a suit to be maintained as a class action does not normally constitute a final judgment. Appellants have not shown their appeal to lie within either of the two narrow exceptions to the general rule. The dismissal will not ring the "death knell" for the appellants' individual case, *see* Gosa v. Securities Investment Company, 449 F.2d 1330 (5th Cir. 1971), nor does it finally determine collateral rights "too important to be denied review and too independent of the cause itself" to postpone appellate review, *see* Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Appellants have not obtained the trial court certificate required by Fed.R.Civ.P. 54(b) to permit the interlocutory appeal of a controlling question.

Appellants suggest that the district court's denial of the preliminary injunction renders the order appealable under 28 U.S.C. § 1292(a)(1). The requested injunction would only have served to maintain the status quo between the appellees and members of the prospective class during the pendency of the litigation. Section 1292(a) does not encompass such protective orders unrelated to the substantive issues of the litigation. Weight Watchers of Philadel-

phia, Inc. v. Weight Watchers International, Inc., 455 F.2d 770 (2d Cir. 1972); International Products Corporation v. Koons, 325 F.2d 403 (2d Cir. 1963); Time, Inc. v. Ragano, 427 F.2d 219 (5th Cir. 1970). Because this injunction did not pertain to the merits of the appellants' suit, its denial does not constitute an appealable order of the sort contemplated by Section 1292(a).

The appeal is

Dismissed.