**Robert S. WAUGH et al.,**

and

**Robert A. Beckstrom, Trustee, et al., Appellants,**

v.

**Jim HEIDLER et al., Appellees.**

**No. 48159.**

Supreme Court of Oklahoma.

April 26, 1977.

As Corrected May 19, 1977.

Rehearing Denied June 1, 1977.

---

Jones, Givens, Brett, Gotcher, Doyle & Bogan, Inc. by Jack R. Givens, Phillips Breckenridge, Paul Vestal, Tulsa, for appellants.

Sneed, Lang, Trotter & Adams by James C. Lang and Brian S. Gaskill, Doerner, Stuart, Saunders, Daniel & Langenkamp by G. Michael Lewis and Sam G. Bratton, II, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson by Fred S. Nelson, Ungerman, Grabel & Ungerman by Irvine E. Ungerman and Hawley C. Kerr, Rucker, Tabor, McBride & Hopkins by Paul P. McBride and William D. Hunt, Rizley, Prichard, Ford, Norman & Reed by Robert S. Rizley, Tulsa, for appellees.

Alvin L. Thomas and Frank E. Marley, Jr., Oklahoma City, Oklahoma Dept. of Securities and for Oklahoma Securities Commission, Bruce W. Day, Administrator, amicus curiae.

HODGES, Chief Justice.

This is an appeal from the sustaining of a motion for judgment on the pleadings. On May 25, 1972, approximately forty individuals (appellants) brought suit against eleven former directors and officers of the Heidler Corporation (appellees), alleging that appellees controlled directly or indirectly all the acts of the Heidler Corporation and Carousel Capital Co., Inc., and its servants, agents and employees. Recovery was sought of monies paid for limited partnership interests in violation of the anti-fraud provisions of the Oklahoma Securities Act, 71 O.S.1971 § 1 et seq. Appellants alleged that Heidler Corporation and Carousel Capital Company, Inc., were the sellers of the limited partnership interests in question, but neither of the corporations were named as defendants. At that time, Heidler Corporation had filed a petition in bankruptcy seeking reorganization under Chapter X of the Bankruptcy Act in the United States District Court for the Northern District of Oklahoma. Appellees filed their motion asserting that appellants had failed to join any alleged seller of the securities in question and, therefore, the trial court could not make a valid adjudication whether there was any person liable as seller under the applicable Oklahoma statute, 71 O.S.1971 § 408(a)(b).[1]

---

1. It is provided by the Oklahoma Securities Act, 71 O.S.1971 § 408(a)(b):

    (a) Any person who

        (1) offers or sells a security in violation of section 201(a), 301, or 404(b), or of any rule or order under section 402 which requires the affirmative approval of sales literature before it is used, or of any condition imposed under section 304(d), 305(g), or 305(h), or

        (2) offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact neces-

Appellees argued that the provisions of 71 O.S.1971 § 408(b) make controlling persons liable jointly and severally with, and to the same extent as, the sellers of securities whom they control; and that the statute required the joinder of Heidler Corporation and a determination of its liability to appellants as a prerequisite to any liability on the part of the controlling officers and directors of the company. The trial court agreed that appellants had failed to join an indispensable party, sustained the motion for judgment on the pleadings and ordered the case dismissed.

The issue which is dispositive of this appeal is whether Heidler Corporation was an indispensable party to the action without whom liability could not be imposed upon appellees as a matter of law.

The appellees assert that the recently decided case of *Milliner v. Elmer Fox & Co.*, 529 P.2d 806, 808 (Utah 1974) is conclusive of the question because Utah has a similar statute. We do not agree. The Utah Court in a decision said:

> sary in order to make the statements made, in the light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at ten percent per year from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security. Damages are the amount that would be recoverable upon a tender less the value of the security when the buyer disposed of it and interest at ten percent per year from the date of disposition.
> (b) "Every person who materially participates or aids in a sale made by any person liable under subsection (a), or who directly or indirectly controls any person so liable, shall also be liable jointly and severally with and to the same extent as the person so liable, unless the person who so participates, aids or controls sustains the burden of proof he did not know, and could not have known, of the existence of the facts by reason of which liability is alleged to exist. There shall be

"Defendants further claim that the plaintiffs have failed to join an indispensable party. There is merit in that contention inasmuch as the plaintiffs purchased the stock from Commercial Liquidation, Inc., as claimed by the allegations of the complaint. Plaintiffs should seek to recover back from the seller rather than from third parties unless the corporation has been dissolved or is under some disability. The plaintiffs have failed to allege any fact which would tend to show that the corporation is not an indispensable party. The plaintiffs make general allegations of fraud but they failed to comply with Rule 9(b), U.R.C.P."

Rather, we are persuaded by a decision in a companion case involving Heidler Corporation in *McCown v. Heidler*, 527 F.2d 204, 207 (10th Cir. 1975) in which the 10th Circuit held that Heidler Corporation was not an indispensable party and that the plaintiff's cause of action could properly be maintained against individual defendants whether they were officers, directors, or participating planners.[2] We believe that

> contribution as in cases of contract among the several persons so liable."

**2.** The 10th Circuit in *McCown v. Heidler*, 527 F.2d 204, 206–07 (10th Cir. 1975) construed the analogous Land Act in which it was asserted the defendant officers and directors were neither developers or selling agents and that Heidler Corporation was, therefore, an indispensable party to the action, the Court said:

"The trial court in granting the benefits of summary judgment to the defendants under the Land Act held that the undisputed facts indicated that defendants were neither developers (Timberlake and Heidler corporations) nor selling agents but were simply officers or directors of the corporate developer. In so doing the trial court interpreted 15 U.S.C. § 1701:

(4) 'developer' means any person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots in a subdivision;

(5) 'agent' means any person who represents, or acts for or on behalf of a developer in selling or leasing, or offering to sell or lease, any lot or lots in a subdivision; but shall not include any attorney at law whose representation of another person consists solely of rendering legal services;

as limiting liability under the Land Act to the two extremities of most complex land development enterprises. The court noted the absence of a 'common control' provision in the Land

Oklahoma law permits selection of target defendants based on joint and several liability[3] whether the action sounds in fraud or in contract. Moreover, interpretation of the statute reveals that the legislative intent is that joint and several liability as it relates to contracts was intended because of the statutory phrase, "contribution [shall be] as in cases of contract."[4] The Oklahoma statute[5] provides where several persons are jointly and severally bound by the same action or contract, an action thereon may be maintained at plaintiff's option, against all, or one, or an intermediate number of them.

We, therefore, hold that appellant's cause of action was properly brought against the individual defendants, and that the seller corporations were not indispensable parties to the action.

REVERSED AND REMANDED.

LAVENDER, V. C. J., and DAVISON, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

---

Act and concluded that Congress intended this Act to have a very limited 'target of suit.' We conclude that the court erred in imposing such narrow limits to liability under the Act.

"As Mr. Chief Justice Burger recently observed, new areas of fraud are being constantly conceived, one of which is fraud 'connected with the burgeoning sale of undeveloped real estate, until Congress could examine the problems of the land sales industry and pass into law the Interstate Land Sales Full Disclosure Act.' *United States v. Maze*, 414 U.S. 395, 406, 94 S.Ct. 645, 651, 38 L.Ed.2d 603 (dictum in dissenting opinion). The general purpose of the Land Act was, of course, to prohibit and punish fraud in such land development enterprises as we here consider and the Act should be interpreted to attain that end. Such an act should be construed 'not technically and restrictively, but flexibly to effectuate its remedial purposes.' *SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 195, 84 S.Ct. 275, 285, 11 L.Ed.2d 237. The 'developer' of a land sale plan is usually a corporate entity which, in a fraudulent scheme as here alleged, ends up defunct and offers no reserve for recovery to those persons defrauded; so, too, the end selling agent, when the development collapses financially, is often long gone or cannot respond pecuniarily. Indeed the actual selling agent may well be a creditor of the developer and an indirect victim of the fraud himself. The basic protection of the Act, to be meaningful, must be leveled against the fraudulent planners and profit makers for otherwise the Act would be pragmatically barren. No legislative enactment should be rendered ineffective to attain its purpose if such a construction can be avoided. *SEC v. C. M. Joiner Leasing Corp.*, 320 U.S. 344, 350–51, 64 S.Ct. 120, 88 L.Ed. 88.

"The fact that Congress rejected a proposed amendment which would have added a controlling persons clause is not dispositive evidence that the legislature intended to restrict liability to 'selling agents.' It should be noted that directors and officers are routinely held liable under the Securities Act apart from the controlling person clause. *E. g., Kerbs v. Fall River Industries, Inc.*, 10th Cir., 502 F.2d 731. In any event directors and officers who participate with a corporation or its 'selling agents' in fraud in violation of the Land Act are guilty of aiding and abetting. This court has specifically recognized the civil liability of an aider and abettor under the securities antifraud provisions in *Kerbs v. Fall River Industries, Inc.*:
Under § 10(b) and Rule 10b–5 knowing assistance of or participation in a fraudulent scheme gives rise to liability equal to that of the perpetrators themselves. . . . Moreover, one who aids and abets a fraudulent scheme may be held accountable even though his assistance consists of mere silence or inaction.
502 F.2d 731, 740 (*citations omitted*).

"We hold, therefore, that plaintiffs' alleged cause of action may properly be leveled against the individual defendants in this case be they officers, directors, or participating planners. Such a construction of the Act, although not specifically so stated, seems to have been taken for granted by other courts, for numerous courts have entertained action under the Act leveled at 'controlling stockholders, officers and directors.' *Adolphus v. Zebelman*, 8th Cir., 486 F.2d 1323, 1325. See e. g., *Kamm v. California City Development Co.*, 9th Cir., 509 F.2d 205, 206; *Siebert v. Great Northern Development Co.*, 5th Cir., 494 F.2d 510; *United States v. Del Rio Springs, Inc.*, D.Ariz., 392 F.Supp. 226; *United States v. Pocono International Corp.*, S.D.N.Y., 378 F.Supp. 1265."

3. Joint and several liability in tort cases was found in: *Jueschke v. Seeley*, 98 Okl. 133, 224 P. 341 (1924); *Selby Oil & Gas v. Rogers*, 94 Okl. 269, 221 P. 1012 (1924).

4. See 71 O.S.1971 § 408(b) note 1, supra.

5. It is provided by 12 O.S.1971 § 234:
"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange, and promissory notes, and indorsees and guarantors may all or any of them be included in the same action at the option of the plaintiff."