Gerald CLARK et al.,
Plaintiffs-Appellants,

v.

LOMAS & NETTLETON FINANCIAL
CORPORATION et al.,
Defendants-Appellees.

No. 78–1556
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1978.

Jay S. Fichtner, Douglas E. Yeager, Dallas, Tex., Warren D. Mulloy, Philadelphia, Pa., for plaintiffs-appellants.

Lomas & Nettleton Co., Lomas & Nettleton, West, Hay, Ray, Rohnstedt, Sexton & Gardner, Locke, Purnell, Boren, Laney & Neely, Stanley E. Neely, Stephen Philbin, Dallas, Tex., Brown, Herman, Scott, Dean & Miles, Beale Dean, Fort Worth, Tex., for Lomas & Nettleton Fin. Corp.

Saner, Jack, Sallinger & Nichols, Tim Kirk, Robert D. Hemphill, Dallas, Tex., for NCS Computing Corp., now known as Booth, Inc.

Rain, Harrell, Emery, Young & Doke, Dallas, Tex., for Rucker, Whitmer, Tannery & Jack Booth.

Geary, Stahl, Koons, Rohde & Spencer, Gerald P. Urbach, Joseph W. Geary, Dallas, Tex., for Ernst & Ernst.

Meyers, Miller & Middleton, David J. White, Robert F. Middleton, Dallas, Tex., for Crow & Glaze.

Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for Busbee & Rogers.

Gardere, Porter & DeHay, Dallas, Tex., for Steinberg, Generes, Luerssen & Vogelson.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

This is a securities fraud case filed by stockholders of Booth, Inc., in the United States District Court for the Northern District of Texas. It includes both individual

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

claims and derivative claims asserted on the corporation's behalf, all arising out of alleged state and federal securities violations. This appeal is concerned only with the derivative aspect of the case.

Extensive discovery had been completed and trial was scheduled for January 16, 1978. Prior to that date, however, counsel for Booth, Inc. and counsel for the various other defendants, without participation by plaintiffs' counsel, reached a settlement agreement which was submitted to the district court for approval.

On March 3, 1978 the district court entered an order tentatively approving the settlement and setting June 5, 1978 as the date for hearing to determine whether the settlement should be given final approval. It is from that order, as amended by an order of April 3, 1978, that this appeal was taken.

Appellants also moved in this court for a stay of all proceedings pending this appeal. A like motion had been denied by the district court on March 17, 1978. On April 19, 1978 another panel of this court denied the motion with a written opinion.

Appellants now seek to present three contentions: (1) that the district court's non-communication order violated constitutionally protected rights of free speech and applicable federal rules; (2) that the non-communication order does not comply with the requirements of Rule 65, Fed.R.Civ.P.; and (3) that the trial court erred in refusing to order that notices of the proposed settlement and hearing be sent to pre-merger shareholders of Booth, Inc. The threshold question, however, is whether the order of March 3, 1978 is an appealable order. We conclude that it is not and therefore that the appeal is due to be dismissed.

In denying a stay the district court stated:

In the near future all of the objections raised by the Plaintiffs to the proposed settlement will be aired in open court. The Court will have an opportunity to review the record on these objections and then enter an order approving or disapproving the settlement of the derivative claims. At that time Plaintiffs or Defendants may appeal the approval or denial of the settlement, which would include a final ruling on the disqualification of the SJS&N law firm. That order will be appealable as "final order", and will allow either side an opportunity to appeal the entire derivative case to the Fifth Circuit, with a complete record on appeal on all claims.

Similarly the panel of this court which denied a stay observed:

Furthermore, the district court's disposition of these issues at the final settlement hearing will be reviewable upon appeal from that hearing.

The date in the "near future" to which the district judge referred was June 5, 1978, so that by this time the controversy may either be moot or may be moving in the direction of this court by proper appeal from an appealable judgment.

■ Both of the two theories on which appellants rely in seeking to support an appeal are obviously flawed. The non-communication order does not constitute an injunction within the meaning of Fed.R. Civ.P. 65 which is appealable pursuant to 28 U.S.C. § 1292(a)(1). *See Siebert v. Great Northern Development Company*, 494 F.2d 510, 511 (5th Cir. 1974); *Time, Inc. v. Ragano*, 427 F.2d 219 (5th Cir. 1970); *Weight Watchers of Phila. v. Weight Watchers Int.*, 455 F.2d 770, 774–775 (2nd Cir. 1972); *International Products Corp. v. Koons*, 325 F.2d 403, 406–407 (2nd Cir. 1963). It is equally clear that the order is not appealable under the collateral order exception of *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Even if we conclude that the order is final and collateral the order before us falls far short of meeting the remaining requirements contemplated by *Cohen. See Western Elec. Co. v. Milgo Electronics Corp.*, 568 F.2d 1203 (5th Cir. 1978); *In Re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1094–1095 (5th Cir. 1977).

The prior panel noted that appellants raise issues that cast doubts on the validity

of the district court's actions. We agree that the questions are substantial. The circumstances here, however, clearly do not justify their presentation by piecemeal review.

APPEAL DISMISSED.