United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40742
Summary Calendar
_____

ROBERT P. DIXON, JR.,

                              Plaintiff-Appellant,

versus

DOUGLAS VANDERBILT,

                              Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CV-235-DF-CMC
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Robert P. Dixon, Texas state prisoner # 26529-034, appeals
the denial of his motion seeking a restraining order and
preliminary injunctive relief precluding Officer Douglas
Vanderbilt from sexually harassing Dixon and retaliating against
him because Dixon files grievances complaining about the
harassment.  Dixon sought to have searches conducted by
Vanderbilt witnessed or for Dixon to be transferred to another
facility.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Denial of a motion for a temporary restraining order (TRO) is not appealable. Matter of Lieb, 915 F.2d 180, 183 (5th Cir. 1990). The denial of a preliminary injunction, however, is immediately appealable, if it is related to the substantive issues of the litigation. 28 U.S.C. § 1292(a)(1); Siebert v. Great Northern Development Co., 494 F.2d 510, 511 (5th Cir. 1974); Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).

Because Dixon sought relief that if granted would exceed the 10-day limit of a TRO, his motion was in effect a motion for preliminary injunction related to the substantive issues in the litigation and, thus, the denial of the motion is an appealable order. See FED. R. CIV. P. 65(b).

The district court erroneously construed Dixon's complaint seeking injunctive relief as a 42 U.S.C. § 1983 complaint. Dixon is a federal prisoner suing a federal officer, and thus, Dixon is not entitled to seek relief under 42 U.S.C. § 1983. See Manax v. McNamara, 842 F.2d 808, 812 (5th Cir. 1988). Because he has alleged a violation of his constitutional rights, Dixon is entitled to seek injunctive relief to safeguard those rights. See Bell v. Hood, 327 U.S. 678, 684 (1946).

A movant for a preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success

on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and 4) the injunction will not have an adverse effect on the public interest. Women's Med. Ctr. of Northwest Houston v. Bell, 248 F.3d 411, 418-20 (5th Cir. 2001).

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." Lewis v. S.S. Baune, 534 F.2d 1115, 1121 (5th Cir. 1976). Dixon's allegations reflect that he was subject to violations of his constitutional rights and that prison officials refused to act to end the violations. See Elliott v. Lynn, 38 F.3d 188, 191 (5th Cir. 1994); Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002); Downey v. Denton County, Tex., 119 F.3d 381, 385 n.6 (5th Cir. 1997).

The magistrate judge's determination that Dixon's allegations were conclusional is not supported by the record as Dixon's allegations were numerous and specific in nature. The magistrate judge should have conducted a hearing on the preliminary injunction motion and made factual findings on the disputed issues concerning the reasonableness of the searches and the alleged retaliatory conduct by Vanderbilt in determining whether Dixon met the criteria for injunctive relief. Cf. Hay v. Waldron, 834 F.2d 481, 485 (5th Cir. 1987).

The denial of Dixon's motions seeking injunctive relief is VACATED and the case is REMANDED to the district court for further consideration of the motion for preliminary injunction.

VACATED AND REMANDED.